## Pearce *versus* Torrence.

1. Before a justice of the peace issues his warrant to a supervisor, for the collection of road tax, it should appear to him that an individual has refused to pay.

2. A warrant, issued by a justice of the peace to a supervisor, "authorizing him to demand and receive, of, and from any person named in his duplicate, the amount charged for road tax, which remains unpaid," and in case of default for thirty days, to levy said tax by distress, is unauthorized, and is no defence to the officer, in an action against him for making a distress under it.

ERROR to the Court of Common Pleas.

This was an action of trespass against a supervisor, for making a distress for the collection of unpaid road tax, more than thirty days after demand of payment.

The facts sufficiently appear in the opinion of the court, delivered December 16, 1853, by

LOWRIE, J.—Torrence was charged with a road tax, and having neglected to pay it, after due demand, the supervisor procured a warrant from a justice of the peace, "authorizing him to demand and receive of, and from any person named in his duplicate, the amount charged for road tax which remains unpaid;" and further authorizing him, if any person shall be in default for thirty days after demand, to levy the said tax by distress and sale. It is sufficient to say, that this warrant is in no sense authorized by law, and was no justification of the supervisor in making a distress. It ought to appear to the justice, that an individual has refused to pay, and then a warrant may issue against him. But here, the warrant is issued against all persons in general, to be executed against those who should thereafter refuse to pay.

It is absurd to call upon a justice for such a warrant, for no judgment is required in issuing it.

Judgment affirmed.