## M. S. KEMMERER & CO. v. FOSTER TOWNSHIP.

ERROR TO THE COURT OF COMMON PLEAS OF LUZERNE COUNTY.

Argued April 11, 1888—Decided April 23, 1888.

1. Though road taxes are collectible by tax collectors under the act of June 25, 1885, P. L. 187 [no local act to the contrary: Malloy v. Reinhard, 19 W. N. 43; s. c., 6 Cent. R. 127], yet the "limitations as to time" in said act do not apply thereto.

2. The payment of road taxes within sixty days after the posting of notices under § 7, of said act, does not entitle to an abatement of five per centum on the amount thereof.

3. The "special and other road taxes," the duplicates for which may be placed with the collector, at the discretion of the supervisors, are the special taxes authorized by the acts of February 28, 1835, P. L. 46; March 31, 1864, P. L. 162; April 20, 1874, P. L. 67, and such ordinary taxes as have not been worked out after full opportunity given.

Before GORDON, C. J., PAXSON, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY and STERRETT, JJ., absent.

No. 327 January Term 1888, Sup. Ct.; court below, No. 410 December Term 1887, C. P.

On October 17, 1887, a case stated was made, Foster township against M. S. Kemmerer & Co., wherein it was agreed:

That the duplicate of the road taxes assessed and levied for the year 1887 showed that there was due upon the same from the defendants to the plaintiff the sum of $461, and said duplicate had been delivered to Hugh Maloy, duly elected collector of taxes for said township on the third Tuesday of February 1887, and duly qualified by oath and bond filed in the Court of Quarter Sessions.

That sixty days had not passed since the posting of notices by the said collector as prescribed by § 7, act of June 25, 1885, P. L. 187, and the defendants claimed a deduction of five per centum from the amount of said assessment, for prompt payment thereof.

On November 21, 1887, the court, Rice, P. J., filed the following opinion and decree:

Briefly stated, the case presented for decision is as follows: The duplicate of road taxes has been placed in the hands of the regularly elected and duly qualified collector, who has given the notice required by the seventh section of the act of June 25, 1885, P. L. 187. The sixty days period has not yet expired, and the defendants are prepared and willing to pay the amount assessed against them, less five per centum. The question is, whether they are entitled to that reduction for prompt payment. They clearly are so, unless road taxes are excepted out of the provisions of the above cited section. The second proviso to the fourth section of the act reads as follows: " The limitations in this act as to time and the requirements hereof relating to keeping an alphabetical list of persons charged with taxes, shall not apply to road taxes."

What are the " limitations as to time " here referred to? These terms are somewhat indefinite and have not, to our knowledge, received judicial interpretation. Neither do we know what construction has heretofore been placed upon them in the practical execution of the law by collectors and other township officers throughout the commonwealth. It is therefore with some hesitation that we express our opinion that the terms refer to: 1st, the provision of the fourth section requiring the duplicate to be issued before August first; 2d, the provision of the seventh section fixing the period of sixty days within which the tax payer may obtain a reduction of

five per centum by payment of his taxes; and, 3d, the provision of the same section fixing a time when five per centum may be added to the taxes. The last two of these provisions are as fairly entitled as the first to be called "limitations as to time;" there are no other provisions in the act to which the terms can apply, and the plural is used, signifying that the legislature had more than one in contemplation. For these reasons we do not feel justified in singling out one of these provisions and holding that the proviso applies to that alone. Hence we conclude that the provision of the seventh section relating to the payment of taxes within sixty days does not apply to road taxes, and that the defendants are not entitled to the five per centum abatement.

Now, Nov. 21, 1887, in accordance with the stipulations of the case stated, judgment is directed to be entered for the plaintiff for four hundred and sixty-one dollars ($461).

Judgment having been entered for the plaintiff as ordered, the defendants took this writ, assigning that the court erred:

1. In holding that the provision of the seventh section of the act of June 25, A. D. 1885, relating to the payment of taxes within sixty days, does not apply to road taxes and that the defendants are not entitled to the five per cent. abatement.

2. In directing judgment to be entered for the plaintiff for four hundred and sixty-one dollars.

*Mr. A. H. McClintock and Mr. G. L. Halsey,* for the plaintiffs in error:

1. The seventh section of the act of June 25, 1885, P. L. 187, clearly applies to all taxes, the duplicates of which are placed in the hands of the collector, and road taxes would therefore be subject to the five per cent. abatement, unless the second proviso in the fourth section governs all other provisions of the act, and places a limitation on the effect of the seventh section. We submit that the application of the words "limitations as to time," in this proviso, is confined to the fourth section, in which it occurs, and it was error to give the proviso effect other than to the preceding enacting clause. A proviso is defined to be something engrafted upon a preceding enactment for the purpose of taking special cases out of it and

providing specially for them. It is to be strictly construed, and takes no case out of the enacting clause which is not fairly within the terms of the proviso: Folmer's App., 87 Pa, 133; Lehigh Co. v. Meyer, 102 Pa. 479; United States v. Dickson, 15 Pet. 141; Packer v. Railroad Co., 19 Pa. 211.

2. The special taxes that the supervisors have discretion to place in the hands of the collector, under § 4, are the special taxes provided by § 1, act of March 31, 1864, P. L. 162, to pay the indebtedness of the township found by proceedings under that act. The other "road taxes," upon which they may exercise such discretion, are those levied under the act of February 28, 1835, P. L. 46, to discharge a debt due to a former supervisor, and the annual tax provided for in § 4, act of April 20, 1874, P. L. 67, to pay the interest and principal of outstanding obligations. Therefore the duplicates for the taxes for laying out, opening, making or repairing roads and bridges shall be issued to the tax collector, and the duplicate for the special and other road taxes may be issued to him, in the discretion of the supervisors.

*Mr. John D. Hayes*, for the defendant in error:

1. When the intention of the legislature is plainly expressed it must prevail: Bradbury v. Wagenhorst, 54 Pa. 180; Howard Association's App., 70 Pa. 344. Where the language of an act is doubtful, it will be construed with respect to the general financial policy of the state: Stevenson v. Deal, 2 Pars. 212. Incongruities must be so construed as to harmonize with the general intent of the whole act: Commonwealth v. Conyngham, 66 Pa. 99; Holl v. Deshler, 71 Pa. 299.

2. Taking the act as a whole it was evidently intended to exclude the collecting of the road taxes from its operation, and this is apparent when it is considered: (1) That road taxes may be worked out as heretofore. (2) That such road taxes as it may be lawful and necessary to collect in money, may in the discretion of the supervisors be placed in the hands of the collector, or the supervisor may collect them as heretofore. (3) The limitations in this act as to time do not apply to road taxes. (4) The requirements as to keeping an alphabetical list of persons charged with taxes do not apply to road taxes. (5) The provision that the collector is to receive 5 per

centum for the collecting of road taxes, if the duplicate is placed in his hands, whilst his commission on all taxes that must be collected by him is limited to 2 per centum, if paid to him within 60 days after publication of notice.

OPINION, MR. JUSTICE CLARK:

This case involves the construction of the act of assembly, approved June 25, 1885, P. L. 187, entitled, "An act regulating the collection of taxes in the several boroughs and townships of this commonwealth," as to the collection of road taxes. It must be conceded, that in respect of the road taxes the language of the act is much involved and obscure, but we think the conclusion to which the learned court below came in the construction is the correct one.

It seems reasonably clear, the legislature intended that road taxes might be collected by the collector of taxes. The first clause of the fourth section of the act provides, that all of the several county, borough, township, school, poor and other authorities, empowered to levy taxes, within the boroughs and townships of the commonwealth, shall on or before the first day of August, in each year, issue their duplicates of taxes to the collector, directing and authorizing him to collect the taxes, etc. It is plain that the road taxes are embraced within this provision of the act, subject of course, to the subsequent clauses and sections having special reference to this particular subject. It is provided, however, that "road taxes may be worked out as heretofore." But if the duplicate of the road taxes should issue to the collector, on or before the first day of August in each year, the policy of the state heretofore pursued, with respect to the repair of the public roads, would be practically defeated. It is a fact known from common observation and experience, that the repair of the roads can be more conveniently and effectively made in the months of August, September, October, and November, than in any other portion of the year, and the great bulk of the work has heretofore been done during those months. To confine the supervisors and the tax-payers to the months prior to August, would operate as a practical denial of the privilege. The right to work out the road taxes is one which is exercised mainly by those engaged in farming, and as the spring and early summer months

must necessarily be given to the work of the farm, those engaged in such pursuits could not and would not neglect the cultivation and harvesting of their crops to work on the roads. It was doubtless deemed impracticable therefore, to limit the time for the issuing of the duplicate of road taxes to the first day of August.

Moreover, as the work on the roads would probably in most places and under most circumstances, extend into the late fall, or early winter, in order to give all the tax-payers an opportunity to work out their taxes, the duplicates would not ordinarily reach the collector's hands until it would be too late to comply with the provisions and limitations of the seventh section. The default in payment of the taxes within six months would, in many cases, perhaps, carry them over into the term of the incoming collector, and much confusion and embarrassment would certainly ensue in consequence. Such a result was not in the contemplation of the legislature. Hence it was provided, that the limitations of the act, "as to time," etc., should not apply to road taxes.

Whilst the opportunity to work out the road taxes has been held to be a condition precedent to the issuing of a warrant for their collection: Miller v. Gorman, 38 Pa. 309; Pierce v. Torrence, 2 Gr. 82; Hilbish v. Hower, 58 Pa. 93; yet it is not compulsory upon the tax-payer to do so, and in consequence a portion of the taxes generally remain, which it is "lawful and necessary to collect in money." Besides there are certain special taxes, authorized by the acts of February 28, 1835, P. L. 46; March 31, 1864, P. L. 162, and April 20, 1874, P. L. 67, which it is also "lawful and necessary to collect in money;" and, therefore, in the fourth section of the act of 1885, it is provided as follows: "That such special and other road taxes, as it may be lawful and necessary to collect in money, may, at the discretion of the supervisors or road commissioners, be placed in the hands of the collector of taxes, with their warrant for collection by him; for which he shall receive five per centum of the amount collected by him, or the same may be collected by the supervisors or road commissioners as heretofore." By the "special" road taxes we are to understand, the taxes authorized to be levied under the several acts of assembly just referred to, and the "other" road taxes, such as have

not been worked out after full opportunity has been given. By this act of 1885, therefore, we have a special and exceptional, but uniform provision for the collection of road taxes; payable in money ; a provision which excludes the limitations of the act of 1885, as to time, etc., but affords a speedy and adequate means for its enforcement.

This construction of the act is consistent with, and harmonizes all its provisions, and we are of opinion, that it is the correct one. It follows that the defendants were not entitled to the reduction of five per centum for prompt payment, etc.

The judgment is affirmed.