## Weast v. Rice Produce Company.

*Costs — One-hundred-dollar limit — Verdict less than $100 — Act of March 20, 1810.*

1. Whether a plaintiff in the Court of Common Pleas, who has not filed an affidavit under the Act of March 20, 1810, 5 Sm. Laws, 161, is entitled to costs, depends upon the nature of the claim, the character of the defence, and the amount of the verdict, and not merely upon the amount claimed in the statement.

2. Where the plaintiff has not filed the affidavit and the verdict is not in excess of $100, he is not entitled to costs, unless the amount of the recovery has been reduced by set-off or by an equitable defence.

Motion to enter judgment without costs. C. P. Cumberland Co., Dec. T., 1923, No. 39.

*J. W. Wetzel*, for plaintiff; *L. F. Mercer*, for defendant.

BIDDLE, P. J., March 11, 1924.—This is an action of *assumpsit* originally brought in the Court of Common Pleas, and on trial the verdict of the jury was in favor of the plaintiff for $70.36. The defendant has filed a motion that the judgment should be entered without costs, under the provisions of the 26th section of the Act of March 20, 1810, 5 Sm. Laws, 161. This is the matter before us for disposition.

In the brief filed in behalf of the plaintiff, the following appears:

"The following facts are admitted:

"1. The claim of plaintiff in suit was for $323.83, for merchandise, &c., contracted by defendant, made up of five items of claim . . . total of claim, $323.83.

"2. The affidavit of defence did not claim specifically a set-off, admission and payment, but denied liability at all for claim or any part of same.

"3. No affidavit under the Act of 1810, known as the One-hundred-dollar Law, was filed.

"4. The verdict was for plaintiff, $70.36."

These admissions of the plaintiff simplify the present question very materially. As we view it, they bring the case squarely within the provisions of the Act of 1810. Admittedly, the action was founded upon contract; therefore, so far as its nature was concerned, a justice of the peace had jurisdiction. The exceptions to the rule that the plaintiff shall not recover costs where he sues in the Common Pleas without making the oath required by the 26th section of the Act of March 20, 1810, 5 Sm. Laws, 161, and recovers less than $100, are where the amount found for the plaintiff has been reduced by set-off or by equitable defence. Here there was no set-off nor equitable defence interposed.

When a plaintiff in an action on contract recovers less than $100, and there is nothing to show that the demand was reduced by set-off, the presumption is that the amount actually due was within the jurisdiction of a justice of the peace, under the Act of 1810. In such a case, the plaintiff's refusal to bring his cause before the appointed tribunal justly deprives him of costs: Maloney *v.* Murphy, 173 Pa. 395; Custard *v.* Krause, 2 Northamp. Co. Repr. 251; Rogers *v.* Ratcliffe, 23 Pa. 184.

It is the nature of the claim, the character of the defence and the amount of the verdict that control in cases of this nature, and not the amount alone as stated in the plaintiff's statement of claim. It follows, therefore, that the defendant's motion must be allowed.

And now, March 11, 1924, it is direced that judgment be entered on the verdict in favor of the plaintiff for the sum of $70.36, with interest from Dec. 14, 1923; but without costs.

From Francis B. Sellers, Carlisle, Pa.